IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
ANTHONY ALTMAYER et al.,       *
                               *
     Plaintiffs,               *
                               *
v.                             *
                               *      CV 116-161
FLUOR ENTERPRISES, INC. AND    *
WECTEC GLOBAL PROJECT          *
SERVICES, INC.,                *
                               *
     Defendants.               *
                               *
                               *
```

**O R D E R**

Plaintiffs filed this lawsuit in September 2016, alleging FLSA and state-law claims. (See Doc. 1-1.) Plaintiffs and Defendant Fluor Enterprises have reached a compromise. They have also jointly dismissed Plaintiffs' state-law claims against Fluor. (Docs. 41, 42.) Plaintiffs and Fluor now seek approval of their settlement and the dismissal of Fluor from this case. (Doc. 43.)

The FLSA was enacted with the purpose of protecting workers from oppressive working hours and substandard wages. Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981). Because workers and employers often experience great inequalities of bargaining power, Congress made the FLSA's wage-

and-hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement that falls short of the FLSA's minimum employee protections. Id.

Accordingly, the FLSA's provisions are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptional circumstances. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception involves actions taken by the Secretary of Labor and is thus inapplicable to the proposed settlement in this case. See id. at 1353.

The second exception, which applies here, permits settlement when an employee brings a private action for back wages under 29 U.S.C. § 216(b). Under this exception, the parties must present the proposed settlement to the Court, and the Court may approve the settlement "after scrutinizing the settlement for fairness." Lynn's Food Stores, 679 F.2d at 1353. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then the Court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial

2

context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id.

In this case, Plaintiffs filed suit and are represented by counsel, which indicates that a true conflict exists. The parties' settlement, moreover, resembles agreements this Court has previously approved. After careful consideration, the Court **GRANTS** the parties' motion, **APPROVES** their settlement, and **DISMISSES WITH PREJUDICE** Plaintiffs' claims against Fluor. The Clerk therefore is instructed to **TERMINATE** Fluor as a party in this case. Furthermore, the Court **ORDERS** this case **STAYED** pending the resolution of Defendant WECTEC's bankruptcy proceedings.

**ORDER ENTERED** at Augusta, Georgia this 28th day of August, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA